UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX HACHEM,

               Plaintiff,

v.

COMMISSIONER OF SOCIAL
SECURITY,

               Defendant.

_____/

Case No. 18-10109

Denise Page Hood
Chief United States District Judge

Stephanie Dawkins Davis
United States Magistrate Judge

**REPORT AND RECOMMENDATION**
**CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkts. 9, 11)**

## I.   PROCEDURAL HISTORY

### A.   Proceedings in this Court

On January 10, 2018, plaintiff Alex Hachem filed the instant suit.  (Dkt. 1).

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), Chief District

Judge Denise Page Hood referred this matter to the undersigned for the purpose of

reviewing the Commissioner's unfavorable decision denying plaintiff's claim for a

period of disability and disability insurance benefits.  (Dkt. 3).  This matter is

before the Court on cross-motions for summary judgment.  (Dkt. 9, 11).

### B.   Administrative Proceedings

Hachem filed an application for a period of disability and disability

insurance benefits on January 21, 2015, alleging disability beginning on January 1,

2014.  (Tr. 16).[1]  The claims were initially disapproved by the Commissioner on

August 18, 2015.  (*Id.*).  Hachem requested a hearing and on November 22, 2016,

he appeared with counsel before Administrative Law Judge ("ALJ") Elias Xenos,

who considered the case *de novo*.  (Tr. 16-26).  In a decision dated March 20,

2017, the ALJ found that plaintiff was not disabled.  (Tr. 26).  The ALJ's decision

became the final decision of the Commissioner when the Appeals Council, on

December 8, 2017, denied plaintiff's request for review.  (Tr. 1-5); *Wilson v.

Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that

plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for

summary judgment be **GRANTED**, and that the findings of the Commissioner be

**AFFIRMED**.

## II.   ALJ FINDINGS

Hachem was 55 years old at the November 2016 administrative hearing.

(Tr. 36).  He has a high school diploma and past relevant work as a car salesman.

(Tr. 25).  Hachem claims he is disabled because of back, neck, right hand, and left

foot pain.  (Tr. 157).  At the hearing, in addition to discussing back and neck pain,

he testified to the side effects of his medications and experiencing headaches.  (Tr.

---

[1] The Administrative Record appears on the docket at entry number 7.  All references to
the same are identified as "Tr."

39-40, 41, 45).  The ALJ applied the five-step disability analysis and found at step

one that plaintiff had not engaged in substantial gainful activity since January 1,

2014, the alleged onset date.  (Tr. 18).  At step two, the ALJ found that plaintiff's

cervical degenerative disc disease, lumbar degenerative disc disease, lumbar

radiculopathy, spinal canal and bilateral neuroforaminal stenosis, right carpal

tunnel syndrome with axonal degeneration, and left SI radiculopathy were "severe"

within the meaning of the second sequential step.  (*Id.*).  However, at step three,

the ALJ found no evidence that plaintiff's impairments singly or in combination

meet or medically equal one of the listings in the regulations.  (Tr. 19).

Thereafter, the ALJ assessed plaintiff's residual functional capacity ("RFC")

as follows:

> After careful consideration of the entire record, the
> undersigned finds that the claimant has the residual
> functional capacity to perform light work as defined in 20
> CFR 404.1567(b) except the claimant may never climb
> ladders, ropes or scaffolds; may occasionally climb
> ramps and stairs; may occasionally balance, stoop, and
> crouch; may never crawl or kneel; may never work
> around unprotected heights; may engage in only
> frequent handling, fingering and feeling with the right
> upper extremity; and must be permitted to use an
> assistive device for ambulating, such as a cane.

(Tr. 20).  At step four, the ALJ denied Hachem benefits because he found that

Hachem was able to perform past relevant work.  (Tr. 25-26).

## III.   DISCUSSION

### A.   Standard of Review

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If a claimant finds no relief during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo,

4

resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984).  "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may . . . consider the credibility of a claimant when making a determination of disability."); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247, quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4.

If supported by substantial evidence, the Commissioner's findings of fact are conclusive.  42 U.S.C. § 405(g).  Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*).  Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a

reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted), citing, *Mullen*, 800 F.2d at 545.

The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that either the ALJ or the reviewing court discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

B.     <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits."

*Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994);

*accord*, *Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003).

There are several benefits programs under the Act, including the Disability

Insurance Benefits Program of Title II (42 U.S.C. §§ 401 *et seq*.) and the

Supplemental Security Income Program of Title XVI (42 U.S.C. §§ 1381 *et seq*.).

Title II benefits are available to qualifying wage earners who become disabled

prior to the expiration of their insured status; Title XVI benefits are available to

poverty-stricken adults and children who become disabled.  F. Bloch, Federal

Disability Law and Practice § 1.1 (1984).  While the two programs have different

eligibility requirements, "DIB and SSI are available only for those who have a

'disability.'"  *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007).  "Disability"

means:

> inability to engage in any substantial gainful activity by
> reason of any medically determinable physical or mental
> impairment which can be expected to result in death or
> which has lasted or can be expected to last for a
> continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a)

(SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis set forth at 20 C.F.R. §§ 404.1520, 416.920. Essentially, the ALJ must determine whether: (1) the plaintiff is engaged in significant gainful activity; (2) the plaintiff has any severe impairment(s); (3) plaintiff's impairments alone or in combination meet or equal a Listing; (4) the claimant is able to perform past relevant work; and (5) if unable to perform past relevant work, whether there is work in the national economy that the plaintiff can perform. (*Id.*). "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding rejecting the existence of disability, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545.  In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C.    Analysis and Conclusions

1.    Updated Medical Opinion on Equivalence

Hachem argues that the ALJ should have obtained an updated state agency opinion to consider an additional 106 pages of new medical evidence submitted after the State agency physician reviewed the record.  (Dkt. 9, at p. 5).  The State agency physician, Dr. Khalid, rendered his opinion in August 2015.  Hachem underwent lumbar fusion surgery in March 2016.  Hence, Dr. Khalid's opinion did not include review of the surgical records or medical records created after the surgery.  Hachem asserts that the ALJ erred under SSR 96-6p because he did not obtain an updated opinion to review the after-acquired evidence.  According to plaintiff, his lower back condition persisted after the surgery: he experiences persistent and worsening pain and flat back syndrome, he frequently falls due to his back pain, and an October 2016 EMG showed findings consistent with right L5 radiculopathy.  (*Id.* at p. 7).  For this reason, Hachem contends that the ALJ should

have obtained an updated medical opinion on the issue of medical equivalence, and the ALJ's failure to do so requires remand.

Conversely, the Commissioner points out that the ALJ was not obligated to obtain an updated medical opinion. SSR 96-6p provides for obtaining an updated medical opinion when, "in the opinion of the administrative law judge," new medical evidence may change the State agency findings. (Dkt. 11, at p. 10). SSR 96-6p vests the discretion to obtain an updated medical opinion solely in the opinion of the ALJ. The Commissioner contends that the evidence of continued back issues after his lumbar fusion surgery and the 2016 EMG does not undermine the ALJ's implicit determination that the more recent medical evidence would not have changed Dr. Khalid's opinion. (*Id.* at p. 11) (citing Courter *v. Comm'r of Soc. Sec.*, 479 Fed. Appx. 713, 723 (6th Cir. 2012) ("Claimant thus must demonstrate . . . that the ALJ believed the [more recent] records may have changed the experts' findings."); *Freeman v. Comm'r of Soc. Sec*., 2015 WL 404332, at \*11 (E.D. Mich. Jan. 29, 2015) (an ALJ need not request an updated examination when a plaintiff "fails to identify evidence that would support a finding that [he] meets or equals a listing")).

Social Security Ruling 96-6p, 1996 WL 374180, at \*3-4 (July 2, 1996), governs the need for updated medical expert opinions. It requires an update when either (1) there is evidence of symptoms, signs and findings that suggest to the ALJ

or Appeals Council that the applicant's condition may be equivalent to the listings;

or (2) when additional medical evidence is received that "in the opinion of the

administrative law judge or the Appeals Council may change the State agency

medical or psychological consultant's finding" that the impairment does not equal

the listings.  *See Kelly v. Comm'r of Soc. Sec.*, 314 Fed. Appx. 827, 829 (6th Cir.

2009).  In other words, "SSR 96-6p vests the discretion to obtain an updated

medical opinion solely in the 'opinion' of the ALJ."  *Sharay v. Comm'r of Soc.*

*Sec.*, 2016 WL 8114220, at *10 (E.D. Mich. Aug. 28, 2016), *report and*

*recommendation adopted sub nom.* 2016 WL 5539791 (E.D. Mich. Sept. 30,

2016).  "SSR 96-6p thus requires that the ALJ obtain an updated medical

opinion *only* when the ALJ believes that the evidence could change a consultant's

finding that the impairment is not equivalent to a listed impairment."  *Courter v.*

*Comm'r of Soc. Sec.*, 479 Fed. Appx. 713, 723 (6th Cir. 2012) (quotation marks

and citation omitted).

The existence of a gap in time between the expert opinion and later-acquired

medical evidence does not, by itself, require the ALJ to obtain an updated expert

opinion.  As the Sixth Circuit has noted, there will always be a gap between the

date of a consultative exam and the issuance of an ALJ's decision.  *Kelly*, 314 Fed.

Appx. at 831.  However, "[a]bsent a clear showing that the new evidence renders

the prior opinion untenable, the mere fact that a gap exists does not warrant the

expense and delay of a judicial remand." *Id.*  Hachem has not made a clear

showing of how the new evidence would change the consultative reviewer's

finding on equivalence.  He cites his lumbar fusion surgery and continued back

pain (Tr. 289, 300, 306), flat back syndrome, and persistent pain and falling (Tr.

306, 313).  Hachem also cites an EMG which showed L5 radiculopathy.  (Tr. 316).

Yet, he did not accompany these citations with discussion of how this evidence

would lead to a different conclusion on equivalence.  It is Hachem's burden to

show that the new evidence may have changed the medical expert's findings.

*Courter*, 479 Fed. Appx. at 723 ("Claimant thus must demonstrate either that the

school records suggest that she qualified as mentally retarded under Section 12.05

or that the ALJ believed the school records may have changed the experts'

findings."); *McClaine v. Comm'r of Soc. Sec.*, 2018 WL 1309877, at *3 (E.D.

Mich. Jan. 29, 2018) (Denying a claim identical to Hachem's because the plaintiff

failed to show how "the voluminous new medical evidence" added to the record

after the psychological consultative examination report necessitated an updated

opinion.).

Where a claimant fails to demonstrate how the new evidence leads to a

different finding on equivalence, and the ALJ discussed the new evidence, courts

typically do not find error.  In *Ashby v. Comm'r of Soc. Sec.*, 2017 WL 9482460

(E.D. Mich. July 31, 2017), the plaintiff made a similar argument: that the ALJ

erred by not obtaining an updated medical expert opinion after more than 450 pages of new medical evidence were added to the record after the opinion.  *Id.* at *3.  However, the plaintiff did no more to support the argument than to state that the new evidence was "supportive of a finding of Listing pursuant to 1.04."  *Id.* at *4.  The plaintiff did not explain how the new evidence supported a listing or an equivalence argument; thus, the court deemed the argument waived.  Further, the ALJ had discussed the new medical evidence indicating that the ALJ evaluated the listings in light of the new medical evidence.  *Id.* *5.  The Court denied the plaintiff's remand request on this basis.   Similarly, in *McClaine*, 2018 WL 1309877, at *3, the plaintiff argued that the addition of 139 pages of new medical evidence required an updated expert opinion on equivalence under SSR 96-6p.  But like the briefing in both *Ashby* and this case, the plaintiff's argument on the point was undeveloped.  The plaintiff merely cited to evidence in the record and in the statement of facts in her brief.  The court determined that the plaintiff did not meet her burden to demonstrate *how* the new evidence might support a different finding on equivalence and denied remand on that argument.  *Id.  See also Johnson v. Comm'r of Soc. Sec.*, 2014 WL 4798963 (E.D. Mich. Sept. 26, 2014 (Hood, J.), *order adopting report and recommendation*, (Denying remand under SSR 96-6p where the plaintiff did not demonstrate how the evidence—which showed improvement in condition—suggested that the Step 3 conclusions were wrong); *cf.*

*Solack v. Comm'r of Soc. Sec.*, 2018 WL 2181464 (E.D. Mich. Jan. 4, 2018) (Remanding the case on the plaintiff's similar SSR 96-6p argument because the plaintiff's argument demonstrated the need for fresh review where the evidence contained new diagnoses and documented more advanced treatment than what was in the record at the time of the earlier expert opinion).

Here, Hachem does not show how the after-acquired evidence would result in a different finding on equivalence.  Indeed, he does not even specify which listing he believes a finding of equivalence is now plausible; though presumably, he believes he now equals either listing 1.02 or 1.04, as those are the listings both the ALJ and Dr. Khalid considered.  Further, as discussed in more detail below, the after-acquired evidence does not call for an updated medical opinion on Hachem's lower back condition.[2]  This is because the after-acquired evidence, in large part, is not very different from the original evidence that Dr. Khalid determined did not meet or equal a listing.

The evidence in the record at the time of Dr. Khalid's assessment contains Hachem's lumbar degenerative disc disease and flat back syndrome diagnoses, along with notes of pain in his lower back.  (*See, e.g.,* Tr. 66, 235, 242, 248, 253).

---

[2] In his brief, Hachem focuses his record citations and minimal argument on his lower back condition.  Hachem did not argue for an updated expert opinion on his other conditions, namely his neck, upper back, carpal tunnel syndrome, or renal cyst conditions.  Accordingly, the undersigned focuses here on Hachem's lower back issues.

In one of his earlier records, in October 2011 he presented with a complaint of lower back pain, but the majority of the handwriting on this record is illegible and fails to shed light on the location or cause of the back pain. (Tr. 226). In April 2014 an MRI showed degenerative changes with osteophytic formations at L4 and L5. (Tr. 263). In June 2015, Hachem's physician, Dr. Eltahawy, noted Hachem's complaints of back pain in his lower back with symptoms aggravated by bending, changing positions, daily activities, standing, and walking. (Tr. 276). Dr. Eltahawy assessed lumbar degenerative disc disease with flat back due to loss of lumbar lordosis and noted that Hachem was in "severe intractable back pain." Dr. Eltahawy recommended lumbar fusion surgery. (Tr. 277). During his July 2015 evaluation, Hachem stated that he suffered chronic pain, mostly in the lumbar spine, and that the pain in his lumbar spine radiated down both legs. (Tr. 253). At this examination Hachem was unable to perform range of motion of the lumbar spine, but range of motion of all other joints was full. (Tr. 254). He had difficulty getting on and off the examination table and heel to toe walking. (*Id.*). Hachem walked with a left-sided mild limp and a small-stepped gait with the assistance of a cane. (Tr. 257). The record also contained evidence of left S1 radiculopathy. (Tr. 246).

The after-acquired evidence does not paint a very different picture of Hachem's lower back issues, other than some improvement in symptomology. In

September 2015, Hachem's physician noted that his recently-appearing right thigh pain might be due to L3 radiculopathy. (Tr. 283). However, EMG testing did not confirm radiculopathy on the right that would explain his thigh pain. (Tr. 287). In March 2016 Hachem underwent L3-L5 lumbar fusion surgery. (Tr. 289, 300). After his surgery, medical records indicate that his condition improved, although he continued to report pain. (Tr. 291). On March 21, 2016, Hachem reported that he was doing much better than he was before surgery. (Tr. 291). By May 2016, Hachem reported that his back pain continued to improve but he still had flare-ups at night. (Tr. 302). Dr. Eltahawy noted that Hachem's flat back syndrome was doing well with upright posture and that his leg pain improved. He further noted that Hachem's pain was controlled with "norc 7.5." (Tr. 304). (Tr. 306-307). In September, Hachem reported moderate flat back syndrome symptoms which occurred daily. (Tr. 312). At this follow-up examination, Hachem also reported right thigh paresthesia and that he had fallen frequently due to his pain and paresthesia. However, Dr. Eltahawy noticed no instability and noted that the fusion was stable. Further, the neurological exam was unremarkable. (Tr. 313). At first, his post-operative physical therapy notes indicate continued complaints of pain, but the pain was slightly improved (Tr. 342) or decreased after treatment. (Tr. 343). Later, Hachem reported no change in his pain but the therapist noted that he seemed more comfortable with sitting and lying during treatment and that

he had poor postural awareness and seemed less motivated. (Tr. 344, 346, 347).

An EMG performed on October 12, 2016, showed evidence of right L5

radiculopathy. (Tr. 316).

The after-acquired evidence does not clearly show, on its own, that the prior

expert opinion is untenable. Even though Hachem continued to experience some

pain in his lower back after his surgery, the record before Dr. Khalid contained

multiple references to severe pain in his lower back due to his flat back syndrome

and degenerative disc disease. Thus, without an explanation from Hachem as to

why evidence of pain in his lower back would dictate a different finding on

medical equivalence, it appears to the undersigned that the evidence suggests a

likely identical finding. The notable difference between the earlier and later

evidence is the L5 radiculopathy finding. Again, however, Hachem makes no

attempt to explain how the addition of evidence of L5 radiculopathy in an EMG

test would alter the earlier finding on equivalence, as is his burden. With no

explanation from plaintiff, it is not clear how the EMG report would change the

expert's opinion on equivalence. This is not the first instance of radiculopathy in

the record. Indeed, the evidence before Dr. Khalid included S1 radiculopathy (Tr.

246),[3] which Dr. Khalid discussed (Tr. 67). Additionally, there was evidence in

---

[3] The record containing the evidence of S1 radiculopathy is a letter from Dr. Yoon to Dr.
Khansa. The letter is dated December 13, 2015, after Dr. Khalid rendered his opinion.
However, the record was in evidence before Dr. Khalid. The dictation and transcription dates are

the record before Dr. Khalid of lumbar pain radiating down through his legs. (Tr. 253). Thus, although the L5 radiculopathy finding came after the Dr. Khalid opinion, there was evidence of radiculopathy before Dr. Khalid who still determined that Hachem did not meet or medically equal a listing.[4]

Importantly, even if it could be said that the new evidence could support a finding of medical equivalence, the Sixth Circuit places the burden on the plaintiff to show the need for an updated medical opinion on equivalence. *Kelly*, 314 Fed. Appx. 827, 831 ("Absent a clear showing that the new evidence renders the prior opinion untenable, the mere fact that a gap exists does not warrant the expense and delay of a judicial remand."); *Courter*, 479 Fed. Appx. at 723 ("SSR 96–6p thus requires that the ALJ obtain an updated medical opinion *only* when the ALJ believes that the evidence could change a consultant's finding that the impairment is not equivalent to a listed impairment.") (internal quotations omitted) (emphasis in original); *Harper v. Comm'r of Soc. Sec.*, 2017 WL 2242510, at *4 (E.D. Mich. May 23, 2017) (Holding that even if the new evidence "reasonably could have supported a finding of medical equivalence and thereby disability," the burden is

---

January 13, 2015, before Dr. Khalid issued his opinion and Dr. Khalid expressly cites the S1 radiculopathy finding in his opinion. (Tr. 67).

[4] The undersigned also notes that one month prior to the EMG test, as discussed above, Hachem complained of right thigh pain and paresthesis, yet Dr. Eltahawy saw no instability and noted that the neurological examination was unremarkable. (Tr. 313). This suggests that the L5 radiculopathy did not cause limitations.

on the claimant to show the need for an updated medical expert opinion.).  In discussing the after-acquired medical evidence and finding that Hachem's lumbar radiculopathy was a severe impairment, the ALJ's determination that there was no need for an updated medical opinion to review the newer evidence is implicit. Hachem's mere citation to evidence in the record post-dating Dr. Khalid's opinion, without any attempt to explain how the new evidence renders the prior opinion untenable fails to demonstrate error in the ALJ's opinion. Therefore, the undersigned suggests that Hachem did not meet his burden and the ALJ did not violate SSR 96-6p.

2.      Evaluation of New Evidence

Hachem's argument for remand for evaluation of new evidence is not altogether clear and appears somewhat off-base.  Citing 20 C.F.R. § 404.970(b), he argues error in the Appeals Council's refusal to review his case despite the addition to the record of EMG results dated October 12, 2016.  (Dkt. 9, at p. 8).  According to plaintiff, this EMG, which shows L5 radiculopathy, constitutes new and material evidence supporting his ongoing radicular symptomology.  However, this evidence is not new.   The EMG record he cites was included in the evidence before the ALJ.

Under 20 C.F.R. § 404.970(b), if "new and material evidence is submitted," the Appeals Council shall consider the evidence "only where it relates to the period

on or before the date of the administrative law judge hearing decision." 20

C.F.R. § 404.970(b).  The Sixth Circuit "has repeatedly held that evidence

submitted to the Appeals Council after the ALJ's decision cannot be considered

part of the record for purposes of substantial evidence review." *Foster v. Halter*,

279 F.3d 348, 357 (6th Cir. 2001) (citing *Cline v. Comm'r Soc. Sec. Admin.*, 96

F.3d 146, 148 (6th Cir. 1996)).  However, the Court may remand the case for

further administrative proceedings if a plaintiff can show that the evidence is

"new" and "material" and that he had "good cause" for not presenting it in earlier

proceedings. *Id.* at 357.  This is referred to as a sentence six remand under 42

U.S.C. § 405(g).  Under § 405(g), "evidence is only new if it was 'not in existence

or available to the claimant at the time of the administrative proceeding.'" *Id.*

(citing *Sullivan v. Finkelstein*, 496 U.S. 617, 626 (1990)).  Evidence is "material"

only if there is "a reasonable probability that the Secretary would have reached a

different disposition of the disability claim if presented with the new evidence."

*Id.* (citing *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th

Cir. 1988)).  A plaintiff shows "good cause" by demonstrating a reasonable

justification for failing to acquire and present the evidence for inclusion in the

ALJ's hearing.  *Id.*

　　　Remand for consideration of the October 2016 EMG results is not warranted

according 20 C.F.R. § 404.970(b) under sentence six because the EMG results are

not new evidence.  Although Hachem did submit the EMG report as new evidence to the Appeals Council, (Tr. 7-8), this EMG report was in the record before the ALJ in Exhibit 5, which was considered by the ALJ.  (Tr. 29, 316).  Thus, the evidence was in existence and available to plaintiff and the ALJ at the time of the administrative proceeding, meaning it is not new.  Moreover, as the above discussion demonstrates, it is not clear how the EMG report would alter the ALJ's decision, thus calling into question its materiality.  Because the report is not new and likely is not material, remand under sentence six is not warranted here.

### 3.    ALJ's RFC Assessment

Finally, Hachem contends that the ALJ failed to comply with SSR 96-8p because the RFC assessment is conclusory and does not contain any rational reference to the supporting evidence.  SSR 96-8p requires that the RFC assessment "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts and non-medical evidence."  According to Hachem, the ruling requires a function-by-function assessment of his abilities, yet the ALJ did not engage in analysis of each function—sitting, standing, walking, lifting, carrying, pushing, and pulling—separately.  (*Id.* at p. 10-11).  Hachem asserts that the ALJ did not outline the medical evidence or his findings concerning Hachem's functional abilities.  Rather, the ALJ made conclusory statements.

As this Court fittingly stated in *Sanders v. Comm'r of Soc. Sec.*, 2018 WL 2181096, at *5 (E.D. Mich. Jan. 23, 2018),

> [C]ontrary to Plaintiff's argument, while SSR 96-8p implicitly requires an ALJ to consider all work-related limitations and functions in determining a claimant's non-exertional capacity, it does not require an ALJ to explicitly address Plaintiff's limitations with regard to every work-related function—especially if Plaintiff is not limited with regard to a particular function. *See* SSR 96-8p. In fact, in response to similar arguments advanced by Plaintiff's counsel in other cases, the Court has repeatedly held that an ALJ need not address every possible work-related function. *See*, *e.g.*, *Gilbert v. Comm'r of Soc. Sec.*, No. 15-CV-11325, 2016 WL 8114195, at *5 (E.D. Mich. Apr. 29, 2016); *Sumner v. Comm'r of Soc. Sec.*, No. 13-14303, 2014 WL 6809891 (E.D. Mich. Dec. 2, 2014). In so holding, the Court relied on Sixth Circuit precedent for the premise that "[a]lthough a function-by-function analysis is desirable, SSR 96-8p does not require ALJs to produce such a detailed statement in writing." *Delgado v. Comm'r of Soc Sec.*, 30 Fed.Appx. 542, 547-48 (6th Cir. 2002) (quoting *Bencivengo v. Comm'r of Soc. Sec.*, No. 00-1995, 251 F.3d 153 (Table) (3d Cir. Dec. 19, 2000)).

Here, the ALJ fully addressed Hachem's functional abilities by discussing the opinion evidence and other medical evidence. The ALJ explicitly considered Dr. Geoghegan's consultative examination (which the ALJ accorded great weight) in which the physician opined on Hachem's physical limitations. Specifically, Dr. Geoghegan stated that Hachem had full range of motion in all joints except the lumbar spine and bilateral hips, that he had normal grip strength, his hands had full dexterity and he was able to pick up a coin, button a button, and open a door with

both hands. (Tr. 254). The ALJ discussed Dr. Eltahawy's notes in which the physician noted that Hachem had normal coordination and normal fine motor skills. (Tr. 24, 313). The ALJ also expressly discussed Dr. Khalid's opinion, to which the ALJ gave partial weight. (Tr. 25). Dr. Khalid opined that Hachem could occasionally lift and/or carry 20 pounds and frequently lift and/or carry 10 pounds, he could stand/walk for about six hours in a workday, he could sit for about six hours in a work day, and that his ability to push and pull were unlimited except for the lift and/or carry restrictions. (Tr. 69). An ALJ complies with SSR 96-8p by explicitly discussing a physician's opinion which contains discussion of functional abilities. *Shannon v. Comm'r of Soc. Sec.*, 2017 WL 4985643, at *6 (E.D. Mich. Aug. 23, 2017) (Holding that ALJ complied with SSR 96-8p where explicitly discussed physician's opinion which opined on the plaintiff's functional abilities as Dr. Khalid did here).

In addition to discussing the opinion evidence highlighted above, the ALJ thoroughly discussed treatment notes and other medical evidence showing limitation in Hachem's functional abilities; a large portion of the discussion pertained to the medical evidence submitted after Dr. Khalid's opinion, as recounted above. (Tr. 22-25). The ALJ addressed all of Hachem's subjective complaints (Tr. 21), discussed his back issues and improvement in the spinal impairments after the lumbar fusion surgery (Tr. 22-23), and discussed the medical

evidence as it relates to Hachem's carpal tunnel syndrome (Tr. 24). The ALJ also discussed the objective medical evidence when weighing the opinion evidence in the record. (Tr. 24-25). While the ALJ did not expressly discuss each function separately, he was not required to; instead, he discussed the opinion evidence concerning functional ability and the other evidence of record. Accordingly, Hachem's argument that the ALJ failed to provide a narrative analysis on his functional capacity fails. Therefore, the undersigned finds no reason for remand on this basis.

## IV.    RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, and that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a

party might have to this Report and Recommendation.  *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 11, 2019                              s/Stephanie Dawkins Davis
                                                    Stephanie Dawkins Davis
                                                    United States Magistrate Judge

## <u>CERTIFICATE OF SERVICE</u>

     I certify that on January 11, 2019, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record.

s/Tammy Hallwood
Case Manager
(810) 341-7850
tammy_hallwood@mied.uscourts.gov
