UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALEX HACHEM,

    Plaintiff,

v.                                                  Case No. 18-10109
                                                  Hon. Denise Page Hood

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

                                                        /

## ORDER ACCEPTING REPORT AND RECOMMENDATION AND DISMISSING ACTION

This matter is before the Court on Magistrate Judge Stephanie Dawkins Davis's Report and Recommendation. **[Doc. No. 12]** Timely objections and a response to the objections were filed in this matter. **[Doc. Nos. 13 and 14]**

Judicial review of the Commissioner's decision is limited in scope to determining whether the Commissioner employed the proper legal criteria in reaching his conclusion. *Garner v. Heckler,* 745 F.2d 383 (6th Cir. 1984). The credibility findings of an administrative law judge ("ALJ") must not be discarded lightly and should be accorded great deference. *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). A district court's review of an ALJ's decision is not a *de novo* review. The district court may not resolve

1

conflicts in the evidence nor decide questions of credibility. *Garner*, 745 F.2d at 397. The decision of the Commissioner must be upheld if it is supported by substantial evidence, even if the record might support a contrary decision or if the district court arrives at a different conclusion. *Smith v. Secretary of HHS*, 893 F.2d 106, 108 (6th Cir. 1984); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986).

The Court has had an opportunity to review this matter and finds that the Magistrate Judge reached the correct conclusions for the proper reasons. Plaintiff objects to the Magistrate Judge's conclusions that: (1) the ALJ did not need to order an updated medical opinion, despite newly added medical records; and (2) the ALJ's decision was supported by substantial evidence.

With respect to Plaintiff's objection regarding the need to order an updated medical opinion, Plaintiff primarily relies on his anterior lumbar fusion surgery of L3-5 in March 2016. As that surgery took place seven months after the State agency medical consultant authored an opinion, Plaintiff argues that the ALJ should have ordered an updated medical opinion to take into account the March 2016 surgery. Plaintiff contends that the ALJ failed to "properly consider those records." As the Magistrate Judge noted, however, SSR 96-6p does not require that the ALJ obtain an updated medical opinion, as SSR 96-6p gives the ALJ the discretion to obtain the updated medical opinion. *Kelly v. Comm'r of Soc. Sec.*, 314

F.App'x 827, 829 (6th Cir. 2009); *Sharay v. Comm'r of Soc. Sec.*, 2016 WL 8114220, at *10 (E.D. Mich. Aug. 28, 2016) (report and recommendation adopted in 2016 WL 5539791 (E.D. Mich. Sept. 30, 2016)).

In reviewing the record, the Court finds that there is no basis for concluding that the new medical evidence is inconsistent with the medical evidence that Dr. Khalid considered and determined did not meet or equal listing 1.02 or 1.04. Plaintiff has not explained how the new evidence would result in a different finding on equivalence, nor has he acknowledged that the ALJ actually discussed the new evidence in his opinion. *See* Dkt. No. 7, PgID 54. The Court concludes that the ALJ did not err in failing to order an updated medical opinion.

With respect to Plaintiff's objection regarding the Magistrate Judge's conclusion that the ALJ's opinion was supported by substantial evidence, Plaintiff argues that the ALJ did not comply with SSA regulations, specifically SSR 83-10. Plaintiff contends that the ALJ failed "to make all the detailed findings required by the regulations and rulings . . . [and] his RFC conclusions are not supported by substantial evidence." Quoting *Southard v. Barnhart*, 72 F.App'x 781, 785 (10th Cir. 2003). Plaintiff maintains that the ALJ "severely over-estimated" Plaintiff's ability to work, as it would be impossible for Plaintiff to perform sustained light work when he would have to use a cane and would be in constant pain.

At the outset, the Court notes that Plaintiff's objection generally mirrors or rehashes the arguments in his Motion for Summary Judgment. *See* Dkt. No. 9, PgID 412-13, 416, 418-19. Such an approach is not appropriate or sufficient. *See, e.g., O'Connell v. Comm'r of Soc. Sec.*, 2016 WL 537771, at *1 (E.D. Mich. Feb. 11, 2016) (citing *Betancourt v. Ace Ins. Co. of Puerto Rico*, 313 F.Supp.2d 32, 34 (D.P.R. 2004)); *Davis v. Caruso*, No. 07-10115, 2008 WL 540818, at *2 (E.D. Mich. Feb. 25, 2008) (denying an objection to an R&R where, among other things, Plaintiff "merely rehashe[d] his arguments").

On a substantive basis, the Court agrees with the Magistrate Judge's conclusion that "the ALJ fully addressed [Plaintiff's] functional abilities by discussing the opinion evidence and other medical evidence." Dkt. No. 12, PgID 468. The ALJ addressed the objective medical evidence presented, as well as Plaintiff's specific subjective claims, before concluding that Plaintiff's statements regarding his abilities "are not entirely consistent with the medical evidence and other evidence in the record ..." Dkt. No. 7, PgID 52-56. The Court concludes that the ALJ made findings with detail sufficient to meet the requirements of the regulations and rulings. *Southard*, 72 F.App'x at 785. Accordingly, the Court is not persuaded by Plaintiff's objection that the ALJ's findings were not supported by substantial evidence.

For the reasons set forth above, the Court finds that the ALJ's decision, including but not limited to the determinations Plaintiff challenges in his objections, was supported by substantial evidence and was not based on any legally erroneous determination. Further, the Court accepts the Magistrate Judge's Report and Recommendation as this Court's findings of fact and conclusions of law.

Accordingly,

**IT IS ORDERED** that the Report and Recommendation of Magistrate Judge Stephanie Dawkins Davis **[Doc. No. 12, filed January 11, 2019]** is **ACCEPTED** and **ADOPTED** as this Court's findings of fact and conclusions of law.

**IT IS FURTHER ORDERED** that Plaintiff's Objections **[Doc. No. 13, filed January 25, 2019]** is **OVERRULED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Summary Judgment **[Doc. No. 9, filed April 13, 2018]** is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment **[Doc. No. 11, filed May 10, 2018]** is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** with prejudice.

s/ Denise Page Hood
DENISE PAGE HOOD
DATED: February 15, 2019      United States District Judge